IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Angela T. Smith and George L. Smith, ) | |
| ) | C.A. No.: 6:09-cv-02662-JMC |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Travelers Casualty Company of ) | |
| Connecticut, and The Travelers ) | |
| Companies, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the court on Defendants Travelers Casualty Company of Connecticut and the Travelers Company, Inc.'s (collectively "Travelers") Motion for Summary Judgment [Doc. # 19]. Based upon the record before the court, Travelers' Motion for Summary Judgment is granted.

**FACTUAL AND PROCEDURAL HISTORY**

This action arises out of an incident involving Plaintiff Angela T. Smith, the wife of Plaintiff George L. Smith (collectively the "Plaintiffs"). On September 2, 2006, both plaintiffs were boating on Lake Hartwell with family. During this time, Angela Smith swam behind the boat while the boat was in neutral but the propeller was still in operation. When she attempted to board the rear of the boat, she was struck by and became entangled with the propeller blade. At the time of the incident, George Smith operated and controlled the boat. Angela Smith suffered severe injuries from the accident. George Smith had an insurance policy issued by Travelers (the "Policy") for the boat.

Angela Smith filed an action resulting from the underlying incident in the Court of Common Pleas for Greenville County, South Carolina, alleging negligence and naming her husband, George

1

Smith, as the sole defendant. Plaintiffs filed a complaint against Travelers in the Court of Common Pleas for Greenville County, South Carolina, which was subsequently amended to assert causes of action for breach of insurance contract, insurer bad faith, reformation, third-party beneficiary claim, and the application of the doctrine of separability. Travelers removed this action to federal court and filed an answer and counterclaim requesting a declaratory judgment to determine the rights and obligations of the parties under the Policy.

Travelers filed this motion for summary judgment seeking an order finding that there is no coverage under the applicable insurance policy between George Smith and Travelers for injuries incurred by Angela Smith. Travelers also requests the court grant summary judgment in their favor as to all other causes of action asserted by the Smiths.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate " if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp v. Catrett,* 471 U.S. 317, 323 (1986). Once the movant has made his threshold determination, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party, must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the exercise of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to withstand the summary judgment motion. *See Ross v.*

*Communications Satellite Corp.,* 759 F. 2d 355, 365 (4th Cir. 1985). "Only disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. All evidence will be considered in the light most favorable to the non-moving party. *See U.S. v. Diebold, Inc.*, 365 U.S. 654, 655 (1962).

## DISCUSSION

**I.     Breach of Insurance Contract**

   **A. Policy Interpretation**

Travelers argues that they have not committed any breach of the insurance policy issued to George Smith and that the Policy does not provide any coverage for Angela Smith's injuries in the underlying incident. The court agrees.

"Insurance policies are subject to the general rules of contract construction." *Auto-Owners Ins. Co. v. Carl Brazell Builders, Inc.*, 356 S.C. 156, 162, 588 S.E.2d 112, 115 (2003) (quoting *B.L.G. Enterprises, Inc. v. First Financial Ins. Co.*, 334 S.C. 529, 535, 514 S.E.2d 327, 330 (1999)). "The Court must give policy language its plain, ordinary, and popular meaning. When a contract is unambiguous, clear, and explicit, it must be construed according to the terms the parties have used." *Id.* Furthermore, "[a]mbiguity may not be created in an insurance policy by singling out a sentence or a clause . . .[and] courts may not torture the ordinary meaning of language to extend coverage expressly excluded by the terms of a policy." *Laidlaw Envtl. Servs., Inc. v. Aetna Cas. & Sur. Co. of Ill.*, 338 S.C. 43, 48, 524 S.E.2d 847, 850 (Ct. App. 1999) (internal citations omitted).

The Travelers' boat policy at issue in this litigation provides in relevant part as follows:

> SECTION SIX: BOAT LIABILITY COVERAGE
>
> A.    We will pay damages for bodily injury or property damages for which an insured is legally responsible because of owning, maintaining, or using your boat.

* * *

F.    EXCLUSIONS

We do not provide coverage for:

* * *

2.    Liability to your spouse or any insured . . .

The policy defines an insured as follows:

> "Insured refers to (1) you; (2) your spouse and/or relatives who reside in your household (resident relative); and (3) any person or legal entity while operating your boat with an insured's permission and without a charge or fee.

Based on the above language, the Policy clearly and unambiguously excludes injuries arising out of an insured's liability to his or her spouse or to another insured. Plaintiffs admit that at the time of the incident giving rise to the underlying claim that Angela Smith and George Smith were married to each other and that each was the spouse of the other. Plaintiffs also admit that Angela Smith was a resident relative of George Smith. Plaintiffs further admit that George Smith owned, maintained and used the boat at the time of his spouse's injury. Therefore, there are no genuine issues of material fact as to these issues. Based on these admissions, Angela Smith's claim against George Smith is excluded under the above language of the Policy because Angela Smith is both a spouse and an "insured" by virtue of her status as a relative who resides in the household of the policyholder ("resident relative"), George Smith. The Policy does not cover an insured's liability to his or her spouse, or an insured's liability to another insured arising out of the ownership, maintenance, or use of the insured boat. Therefore, the Policy does not cover the injury to Angela Smith.

**B. Doctrine of Separability**

Plaintiffs argue that, although Angela Smith was George Smith's "spouse" and "insured" under the Policy, this damage exclusion does not apply in this situation. Instead, Plaintiffs claim that coverage is available based on the doctrine of separability because under this doctrine Travelers owes

4

Angela Smith a separate and distinct obligation under the Policy. The court disagrees.

Severability clauses in insurance policies are commonly used to provide each insured with separate coverage, as if each insured was insured separately with a different policy. *See Allstate Insurance Co. v. Mangum*, 299 S.C. 226, 383 S.E.2d 464 (Ct. App. 1989). "Thus an additional although unnamed insured would be treated as if he had a separable policy in determining the applicability of the policy exclusions. *And particularly where the policy contains a severability of interests clause, the exclusions are to be applied only against the insured for whom coverage is sought.*" *Id*. (emphasis in original). Courts in this jurisdiction have not addressed whether the doctrine of separability applies absent a severability of interests clause. However, courts in other jurisdictions have determined that the doctrine does not apply in the absence of an express separability provision. *See e.g., F.D.I.C. v. Duffy*, 835 F. Supp. 307, 315 (E.D. La. 1993) (holding coverage under professional liability policy could not be applied separately as to each insured because the policy did not contain a severability clause) (citing *Mazur v. Gaudet*, 826 F. Supp. 188, 193 (E.D. La. 1992) (same)). We need not determine whether the doctrine of separability applies in a policy that does not expressly contain a severability of interests clause.

The South Carolina Court of Appeal's analysis in *Allstate Insurance Co. v. Mangum*, controls the court's disposition in this matter. In *Mangum*, a husband and daughter drowned in a boating accident off the coast of South Carolina. The wife brought suit on behalf of her daughter's estate against her husband's estate, claiming that her husband negligently caused her daughter's death. The husband's insurer brought a declaratory judgment action to determine whether it was obligated to defend or indemnify the husband's estate. The policy provided, "[w]e do not cover bodily injury to an insured person," and defined an "insured person" as "you and, if a resident of your household, any relative and any dependent person in your care." The policy also contained a severability clause, which provided, "[t]his insurance applies separately to each insured person." The relevant issue as

5

applied to this case is whether the severability clause in an insurance policy required a construction of the exclusionary clause so as to limit its application to only an "insured person" who is alleged to be a joint tortfeasor.

The lower court held the policy did not cover the husband's liability to his daughter, and the wife appealed. On appeal, the wife, "relying on the policy's separability clause," argued that the policy definition of "insured person" did not encompass the daughter and, therefore, the exclusion for liability to an insured person did not apply to her. *See id.* at 229, 383 S.E.2d at 465. The Court of Appeals rejected this argument. In doing so, the court explained "the doctrine of separability simply means that the company undertakes separate and distinct obligations to the various persons named or defined by the policy as 'insured persons.'" *Id*. The court held that the doctrine of separability did not apply to the terms of the policy at issue in the case because coverage is excluded for persons insured under the policy, and therefore, does not cover an insured's liability to another insured even though the policy included a severability clause. *See id*.

Similarly, the Policy at issue here clearly states that it does not "provide coverage for . . . [l]iability to your spouse or any insured . . . " Even assuming the Policy contained a severability clause, the doctrine of separability would not aid Plaintiffs; Angela Smith would still be excluded from coverage.

### C. Ambiguity

Plaintiff next argues that the Policy is ambiguous because it does not contain a severability clause, and, as a result, should be construed in favor of coverage. However, as discussed above, the Policy clearly does not contain a severability clause, but does include an exclusion section under the relevant section of the Policy. The Policy clearly and unambiguously does not cover injuries caused by an insured to his or her spouse or to another insured, whether the doctrine of separability applies or not.

**II.     Bad Faith Claim**

Plaintiffs also argue there is a genuine issue of material fact as to whether Travelers acted in bad faith in the manner in which it handled the claim pursuant to the Policy. Plaintiffs claim that Travelers' actions in denying the claim were done in bad faith and unreasonable. However, Plaintiffs have put forth no evidence that Travelers acted in bad faith. Travelers merely acted reasonably and within its legal authority to deny the claim based on its good faith belief that the terms and provisions of the Policy excluded coverage for a spouse or other insured. *See Crossley v. State Farm Mutual Auto. Ins. Co.*, 307 S.C. 354, 360, 415 S.E.2d 393, 397 (1992) ("If there is a reasonable ground for contesting a claim, there is no bad faith."). Therefore, Travelers is entitled to summary judgment on this claim as a matter of law.

**III.    Reformation**

Travelers also argues that Plaintiffs are not entitled to any reformation of the Policy. The court agrees.

"Reformation is the remedy by which writings are rectified to conform to the actual agreement of the parties." *Crosby v. Protective Life Ins. Co.*, 293 S.C. 203, 206, 359 S.E.2d 298, 300 (Ct. App. 1987). A contract can be reformed based on either mutual mistake or unilateral mistake. *See Shaw v. Aetna Cas. & Surety Ins. Co.*, 274 S.C. 281, 285, 262 S.E.2d 903, 905 (1980). A court will not reform an insurance contract on the ground of mutual mistake absent clear and convincing evidence both parties intended a certain thing and by mistake in the drafting did not obtain what was intended. *See Crosby*, 293 S.C. at 206, 359 S.E.2d at 300. A court will not reform an insurance contract on the ground of unilateral mistake absent clear and convincing evidence the mistake was "induced by the fraud, deceit, misrepresentation, concealment or imposition in any form of the party opposed in interest to the reformation without negligence on the part of the party claiming the right, or where the mistake is accompanied by very strong and extraordinary circumstances showing

7

imbecility or something which would make it a great wrong to enforce the agreement." *Id*. at 208, 359 S.E.2d at 301.

The court does not find any evidence of mutual mistake. Travelers, undoubtedly, intended for the Policy to exclude liability coverage for bodily injuries to spouses or other insureds as clearly set forth in the Policy language. There is also no evidence that any mistake by Plaintiffs in their understanding of the Policy was induced by fraud, deceit, misrepresentation, or other concealment of Travelers. Accordingly, there is no basis upon which the court could find reformation available to Plaintiffs as a matter of law.

**IV.     Public Policy**[1]

Plaintiffs' alternatively argue that public policy prevents the enforcement of the spousal exclusion of the Policy. The court disagrees.

"It is the public policy of [South Carolina] to provide married persons with the same legal rights and remedies possessed by unmarried persons." *See Boone v. Boone*, 345 S.C. 8, 15, 546 S.E.2d 191, 194 (2001). However, while spouses may maintain negligence actions against each other, there is no public policy in South Carolina prohibiting voluntary insurance policies from excluding coverage to the spouse of an insured. *See South Carolina Ins. Co. v. Barlow,* 301 S.C. 502, 508, 392 S.E.2d 795, 798 (1990) (finding that parties have a right to make their own insurance contract); *American Liberty Ins. Co. v. DeWitte*, 236 F. Supp. 636, 640 (E.D.S.C. 1964) (finding that voluntary insurance contract excluding liability for injury to spouse, parents, and children of insured valid). Under South Carolina law, Angela Smith may maintain a lawsuit against George Smith for

---

[1] Plaintiffs also made a claim based on a third-party beneficiary theory. However, they do not address it in their Response to Defendants' Motion for Summary Judgment [Doc. # 20] and do not otherwise refute Travelers' position. Therefore, the court finds that the law supports Travelers' argument and Travelers is also entitled to summary judgment on Plaintiffs' claim based on a third-party beneficiary theory. As set forth in Travelers' Memorandum in Support of Summary Judgment [Doc. # 19-1], such a theory is inapplicable to Plaintiffs claim under the law.

8

her injuries. However, the insurance policy issued to George Smith does not provide her any coverage.

## CONCLUSION

For the reasons stated herein, Defendants Travelers Casualty Company of Connecticut and the Travelers Company, Inc.'s Motion for Summary Judgment [Doc. #19] is granted and this action is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

Greenville, South Carolina
March 28, 2011